IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KATELYN HANKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| vs. | ) |
| | ) File No. |
| W.H. BRAUM, INC. and | ) |
| RETAIL BUILDINGS, INC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, KATELYN HANKS, by and through the undersigned counsel, and files this, his Complaint against Defendants, W.H. BRAUM, INC. and RETAIL BUILDINGS, INC., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' W.H. BRAUM, INC. and RETAIL BUILDINGS, INC., failure to remove physical barriers to access and violations of Title III of the ADA.

**PARTIES**

2.  Plaintiff, KATELYN HANKS (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Dallas County).

3.  Plaintiff is disabled as defined by the ADA.

4.  Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.  Plaintiff uses a wheelchair for mobility purposes.

6.  Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Her motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7.  Defendant, W.H. BRAUM, INC. (hereinafter "W.H. BRAUM, INC.."), is an Oklahoma company that transacts business in the State of Texas and within this judicial district.

8.  Defendant, W.H. BRAUM, INC., may be properly served with process via its registered agent for service, to wit: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

9.  Defendant, RETAIL BUILDINGS, INC. (hereinafter "RETAIL BUILDINGS, INC."), is an Oklahoma company that transacts business in the State of Texas and within this

judicial district.

10. Defendant, RETAIL BUILDINGS, INC., may be properly served with process via its registered agent for service, to wit: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

## FACTUAL ALLEGATIONS

11. On or about January 10, 2019 Plaintiff was a customer at "Braum's," a business located at 1701 East Shady Grove Road, Irving, TX 75080, referenced herein as the "Braum's."

12. Plaintiff lives 12 miles from the Property.

13. W.H. BRAUM, INC. is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

14. RETAIL BUILDINGS, INC. is the owner or co-owner of the real property and improvements that Braum's is situated upon and that is the subject of this action, referenced herein as the "Property."

15. Plaintiff's access to the business(es) located at 1701 East Shady Grove Road, Irving, TX 75080, Dallas County Property Appraiser's account number 325649100A0020000 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendants, W.H. BRAUM, INC. and RETAIL BUILDINGS, INC., are compelled to remove the physical barriers to access and correct the ADA violations that exist at Braum's and the Property, including those set forth in this Complaint.

16. Plaintiff has visited Braum's and the Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting Braum's and the Property within six

3

months or sooner, as soon as the barriers to access detailed in this Complaint are removed and the Property is accessible again. The purpose of the revisit is to be a regular customer, to determine if and when Braum's and the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

17. Plaintiff intends on revisiting Braum's and the Property to purchase goods and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose herself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

18. Plaintiff travelled to Braum's and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at Braum's and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Braum's and the Property.

### COUNT I
### VIOLATIONS OF THE ADA AND ADAAG

19. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

20. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination

    against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

  \* \* \* \* \*

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

22. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

23. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993

5

if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

24. Braum's is a public accommodation and service establishment.

25. The Property is a public accommodation and service establishment.

26. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

27. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

28. Braum's must be, but is not, in compliance with the ADA and ADAAG.

29. The Property must be, but is not, in compliance with the ADA and ADAAG.

30. Plaintiff has attempted to, and has to the extent possible, accessed Braum's and the Property in her capacity as a customer of Braum's and the Property and as an independent advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Braum's and the Property that preclude and/or limit her access to Braum's and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31. Plaintiff intends to visit Braum's and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Braum's and the Property, but will be unable to fully do so because of her disability and the physical barriers

to access, dangerous conditions and ADA violations that exist at Braum's and the Property that preclude and/or limit her access to Braum's and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32.     Defendants, W.H. BRAUM, INC. and RETAIL BUILDINGS, INC., have discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Braum's and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

33.     Defendants, W.H. BRAUM, INC. and RETAIL BUILDINGS, INC., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, W.H. BRAUM, INC. and RETAIL BUILDINGS, INC., are compelled to remove all physical barriers that exist at the Braum's and the Property, including those specifically set forth herein, and make Braum's and the Property accessible to and usable by Plaintiff and other persons with disabilities.

34.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to Braum's and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Braum's and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

   (i)   There are three accessible parking spaces. For all three spaces, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This

      violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii)    There are three accessible parking spaces. For all three spaces, the accessible parking space is not level due to the presence of accessible ramp side flares in the accessible parking space in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iii)    The Property lacks an accessible route from the sidewalk to the accessible entrance in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(iv)    Due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route, cars routinely pull up all the way to the curb and the "nose" of the car extends into the access route causing the exterior access route to routinely have clear widths below the minimum thirty-six (36") inch requirement specified by Section 403.5.1 and 502.7 of the 2010 ADAAG Standards. This violation made it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(v)    There is an excessive vertical rise along the accessible route or path leading from the public sidewalk in violation of Section 303.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

(vi)    Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**RESTROOMS**

(i) The accessible toilet stall door is not self-closing and violates Section 604.8.2.1 of the 2010 ADAAG standards. This made it difficult for the Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(ii) The height of coat hook located in accessible restroom stall is above 48 (forty-eight) inches from the finished floor in violation of Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

35. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Braum's and the Property.

36. Plaintiff requires an inspection of Braum's and the Property in order to determine all of the discriminatory conditions present at Braum's and the Property in violation of the ADA.

37. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

38. All of the violations alleged herein are readily achievable to modify to bring Braum's and the Property into compliance with the ADA.

39. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Braum's and the Property is readily achievable because the nature and cost of the modifications are relatively low.

40. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Braum's and the Property is readily achievable because Defendants, W.H. BRAUM, INC. and RETAIL BUILDINGS, INC., have the financial resources to

make the necessary modifications.

41. Upon information and good faith belief, Braum's and the Property have been altered since 2010.

42. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

43. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants, W.H. BRAUM, INC. and RETAIL BUILDINGS, INC., are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Braum's and the Property, including those alleged herein.

44. Plaintiff's requested relief serves the public interest.

45. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, W.H. BRAUM, INC. and RETAIL BUILDINGS, INC.

46. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, W.H. BRAUM, INC. and RETAIL BUILDINGS, INC., pursuant to 42 U.S.C. §§ 12188 and 12205.

47. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, W.H. BRAUM, INC. and RETAIL BUILDINGS, INC., to modify Braum's and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, W.H. BRAUM, INC., in violation of the ADA and

ADAAG;

(b) That the Court find Defendant, RETAIL BUILDINGS, INC., in violation of the ADA and ADAAG

(c) That the Court issue a permanent injunction enjoining Defendants, W.H. BRAUM, INC. and RETAIL BUILDINGS, INC., from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants, W.H. BRAUM, INC. and RETAIL BUILDINGS, INC., to (i) remove the physical barriers to access and (ii) alter Braum's and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: February 22, 2019.               Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
*Attorney-in-Charge for Plaintiff*
Northern District of Texas ID No. 54538FL
The Schapiro Law Group, P.L.
7301-A. W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com

Law Offices of
LIPPE & ASSOCIATES

/s/  Emil Lippe, Jr.
Emil Lippe, Jr., Esq.
State Bar No. 12398300
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850
Fax: (214) 720-6074
emil@texaslaw.com

ATTORNEYS FOR PLAINTIFF
KATELYN HANKS